O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. **CV 12-05925 DDP** |
| | ) | [CR 09-00605 DDP] |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING GOVERNMENT'S |
| | ) | MOTION TO DISMISS § 2255 MOTION |
| EMILY BRIZUELA, | ) | |
| | ) | [Dkt. 4] |
| Defendants. | ) | |
| ——————————————— | ) | |

Presently before the court is Plaintiff-Respondent United
States of America ("the government)'s Motion to Dismiss Defendant-
Petitioner's Motion to Vacate, Set Aside, or Correct Sentence
pursuant to 28 U.S.C. § 2255.  Having considered the submissions of
the parties, the court grants the motion and adopts the following
Order.

**I.   Background**

Petitioner pleaded guilty to one count of conspiracy to
distribute over 100 grams of cocaine base and methamphetamine in
violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii), and
841(b)(1)(B)(viii).  (2255 Motion ("Motion") at 3; Government's

1   Motion to Dismiss ("MTD"), Ex. A; Case No. CR 9-605, Dkt. 162.)[1]
2   At the time Petitioner entered her plea, she was subject to a 10-
3   year mandatory minimum sentence.  (MTD, Ex. A at 3-4; Dkt. 100;
4   Dkt. 128.)

5        After Petitioner pleaded guilty, but before she was sentenced,
6   Congress enacted the Fair Sentencing Act ("FSA"), which took effect
7   August 3, 2010.  See Dorsey v. United States, 132 S.Ct. 2321, 2329
8   (2012).  Under the FSA, Petitioner would only have been subject to
9   a five year mandatory minimum sentence rather than a ten year
10  mandatory minimum.  (MTD, Ex. A at 4.)

11       Petitioner was sentenced on December 13, 2010.  At that time,
12  the Supreme Court had not yet held that the FSA applied
13  retroactively to defendants who had been convicted, but not
14  sentenced, before the FSA's effective date.  See Dorsey, 132 S.Ct.
15  at 2335.  Although the government did not concede that the FSA was
16  retroactive, it nevertheless took the position that Petitioner
17  should receive the benefits of the FSA.  (MTD, Ex. A at 4.)  The
18  government recommended a low-end guidelines sentence of 92 months
19  imprisonment and five years of supervised release.  (Id. at 4, 8.)
20  The court imposed a below guidelines sentence of 80 months
21  imprisonment and five years of supervised release.  (Dkt. 161-162.)

22       Petitioner now contends that the court erred in sentencing her
23  by imposing a sentence under pre-FSA guidelines, and moves for
24  relief pursuant to 28 U.S.C. § 2255.  (Motion at 6B.)

25
26
27  ────────────────────
28       [1] All subsequent citations to the docket refer to entries in
    Petitioner's criminal case.

**II.  Discussion**

Section 2255 allows federal prisoners to file motions to vacate, set aside, or correct a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  Petitioner claims that the court "plainly erred in imposing sentence under the pre-FSA statute." (Mot. at 6B.)  Petitioner's motion also appears to suggest that her guilty plea should not bar her from relief under Section 2255 because the court plainly erred.  Id.

Petitioner's primary contention appears to be that at the time she made her plea, she was incorrectly told that the applicable mandatory minimum was ten years.[2]  (Petitioner's Response at 2.) Thus, Petitioner argues, her plea hearing did not comport with Federal Rule of Criminal Procedure 11.[3]  Rule 11 requires that the court inform a defendant of and determine that the defendant

---

[2] Although the government argues that Petitioner's motion is time barred, its argument relies upon 28 U.S.C. § 2255(f)(1), without any discussion of § 2255(f)(3).  Compare, e.g. United States v. Young, 34 F.Supp.3d 748 (E.D. Mich. 2014) (finding similar §2255 claim timely when made within one year of Dorsey).

[3] Petitioner's Opposition also argues that her guilty plea was "not knowingly, voluntarily, and intelligently entered," and was therefore invalid.  (Opp. at 2-3.)  Petitioner did not, however, appeal her conviction and has at no point, including in the instant motion, sought to withdraw her guilty plea.  Furthermore, her argument appears to be that she did not knowingly and intelligently enter a guilty plea because she "was told . . . that her mandatory minimum was 10 and her mandatory maximum was life.  Which is now incorrect information . . . ."  There is no dispute, however, that at the time Petitioner entered her plea, prior to the enactment of the FSA, let alone the Supreme Court's decision in Dorsey, she was subject to a ten year mandatory minimum.

1  understand, among other things, the maximum possible penalty and
2  any mandatory minimum penalty.  Fed. R. Crim. P. 11(b)(1)(H), (I).
3      First, Plaintiff entered her guilty plea before enactment of
4  the FSA.  Thus, at the time of Petitioner's plea hearing, the court
5  could not have erred by informing Petitioner that the pre-FSA ten
6  year mandatory minimum applied.  Second, even if Petitioner were
7  correct, a formal violation of Rule 11 cannot serve as the basis
8  for a collateral attack under § 2255.  United States v. Timmeck,
9  441 U.S. 780, 784 (1979); United States v. Dominguez Benitez, 542
10  U.S. 74, 81 n.6 (2004).  Such a violation, which can be raised on
11  direct appeal, "is neither constitutional nor jurisdictional," and
12  cannot result "in a 'complete miscarriage of justice' or in a
13  proceeding 'inconsistent with the rudimentary demands of fair
14  procedure.'"  Timmeck, 441 U.S. at 784; see also Castro v. United
15  States, No.11-cr-232-IEG, 2012 WL 3629062 at *2-3 (S.D. Cal. Aug.
16  21, 2012); Fed. R. Crim P. 11(h) ("A variance from the requirements
17  of this rule is harmless error if it does not affect substantial
18  rights.").
19      Furthermore, Petitioner actually received the benefit she
20  seeks by way of this motion.  Petitioner seeks "to be re-sentenced
21  under the FSA."  (Mot. at 6B.)  Petitioner was, however, sentenced
22  under post-FSA guidelines.  Indeed, the court could not possibly
23  have imposed the 80 month sentence that it did if it had proceeded
24  under the pre-FSA regime, which required a mandatory minimum
25  sentence of 120 months.  Accordingly, Petitioner's sentence
26  involved no miscarriage of justice.
27
28

**III. Conclusion**

     For the reasons stated above, the government's Motion to Dismiss is GRANTED.  Petitioner's § 2255 motion is DISMISSED.

IT IS SO ORDERED.

Dated: September 29, 2016

                                 DEAN D. PREGERSON
                                 United States District Judge